# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for Washington Federal Bank for Savings, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) ) | Case No. 1:18-cv-05501 |
| BANSLEY & KIENER, LLP | ) ) | |
| Defendant. | ) | |

## FDIC-R'S RESPONSE TO MOTION TO INTERVENE
## PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 24(b)

Federal Deposit Insurance Corporation as Receiver for Washington Federal Bank for Savings ("FDIC-R") opposes Intervenor Robert M. Kowalski's ("Intervenor") Motion to Intervene and requests that the Court deny the Motion to Intervene for the following reasons:

1. This is a summary proceeding to enforce a federal administrative subpoena issued pursuant to the FDIC-R's Order of Investigation relating to Washington Federal Bank for Savings ("WaFed"), a failed financial institution. FDIC-R has filed this Petition to enforce its administrative subpoena and obtain records held by Bansley & Kiener LLP ("B&K"), the former auditors of WaFed.

2. On September 17, 2018, Intervenor filed a Motion to Intervene in this proceeding seeking leave to intervene as a Plaintiff in connection with FDIC-R's Petition to Enforce Administrative Subpoena.

3. Federal Rule of Civil Procedure 24(b) requires anyone seeking permissive intervention to have "a claim or defense that shares with the main action a common question of

law and fact." Rule 24(c) also requires the motion to intervene be accompanied by a pleading that sets out the claim or defense for which intervention is sought.

4. In contravention of Rule 24(c), Intervenor fails to attach the required pleading setting out the basis of his claim against B&K. This failure alone compels denial of the Motion to Intervene.

5. Even if he had complied with the rules, Intervenor has no standing to "join as a Plaintiff with Plaintiff's petition to Enforce Administrative Subpoena" (Motion, ¶ 13) because Intervenor is an individual third party without authority to issue an administrative subpoena to B&K. FDIC-R is authorized under federal law to conduct an investigation into the acts of former accountants, directors, officers and attorneys who provided services to WaFed. 12 USC §1821(d)(2)(I). Pursuant to that authority, FDIC-R issued an Order of Investigation authorizing the use of the FDIC-R's administrative subpoena power. Intervenor has no such power. *Chicago Import, Inc. v. American States Ins. Co.*, 2010 WL 3385539 *2, *6 (N.D. Ill. Aug. 24, 2010) (denying Motion to Intervene under 24(a) and 24(b) and finding that intervenor had not established that it had a claim or defense that shares a common question of law or fact with the main action).

6. Nor would Intervenor be permitted to review documents obtained by FDIC-R as part of its confidential investigation obtained pursuant to its administrative subpoena power. *See* 12 C.F.R. § 308.147.

7. Moreover, Intervenor, a former borrower of WaFed, has no pending legal claim to assert against B&K. Intervenor's Motion is merely an expression of interest in obtaining B&K's records in connection with an investigation he would like to conduct relating to his bankruptcy proceeding.

8. Permitting intervention by former borrower Kowalski would both delay and prejudice the adjudication of the underlying administrative subpoena. FDIC-R's authority to obtain B&K's records as successor to the Bank's rights and the applicable law governing its federal administrative subpoena are distinct from any possible right Intervenor could assert to obtain B&K's records. If Intervenor is able to serve a valid document subpoena on B&K in his pending bankruptcy proceeding, enforcement of that subpoena could presumably be sought through that forum. To FDIC-R's knowledge, Intervenor has made no such discovery request in any forum.

WHEREFORE, Plaintiff FDIC as Receiver for Washington Federal Bank for Savings respectfully requests that the Court deny Robert M. Kowalski's Motion to Intervene.

Respectfully submitted,

/s/ Lawrence H. Heftman
Stuart Tonkinson
Counsel, Professional Liability and
Financial Crimes Section
Federal Deposit Insurance Corporation
1601 Bryan Street, 15th Floor
Dallas, Texas 75201
Phone: 972-761-8105
jtonkinson@fdic.gov

Lawrence H. Heftman (ARDC # 6283060)
Schiff Hardin LLP
233 South Wacker Drive, Suite 7100
Chicago, Illinois 60606
Phone: (312) 258-5500
lheftman@schiffhardin.com

Counsel for Petitioner

# **CERTIFICATE OF SERVICE**

The undersigned counsel hereby certifies that, on September 24, 2018, he caused a true and correct copy of the foregoing document to be filed and served on the following counsel of record via personal delivery and electronic mail (where email address was provided):

>Thomas F. Falkenberg
>Falkenberg Ives LLP
>30 N. LaSalle St., Suite 4020
>Chicago, IL 60602
>tff@falkenbergives.com
>
>Robert M. Kowalski
>1918 West Cermak Road
>Chicago, Illinois 60608

|  | */s/* Lawrence H. Heftman |
|---|---|

CH2\21350873.1