IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for Washington Federal Bank for Savings, | ) ) ) ) |
| Petitioner, | ) ) ) Case No. 18 CV 05501 |
| v. | ) ) |
| BANSLEY & KIENER, LLP, | ) ) |
| Respondent. | ) |

## RESPONDENT BANSLEY & KIENER, LLP'S OPPOSITION TO ROBERT M. KOWALSKI'S MOTION TO INTERVENE

Respondent, Bansley & Kiener, LLP ("B&K"), by and through its attorneys, Falkenberg Ives LLP, respectfully submits its Opposition to Robert M. Kowalski's ("Kowalski") Motion to Intervene pursuant to Federal Rule of Civil Procedure 24(b), and in support thereof, states as follows:

## INTRODUCTION

The FDIC-R served B&K with an administrative subpoena seeking records pertaining to the professional services B&K performed for its former clients, Washington Federal Bank for Savings ("WaFed") and its holding company, Washington Bancshares, Inc. ("WBI") (collectively the "WaFed Clients"). B&K objected to the administrative subpoena on a number of good faith grounds. The FDIC-R then filed this action to enforce the administrative subpoena.[1]

Kowalski now moves to intervene in this action to enforce the administrative subpoena and obtain B&K's confidential client records pertaining to B&K's performance of professional

---

[1] B&K will be filing an opposition to the FDIC-R's petition which is pending before this Court arguing that the administrative subpoena (1) has an improper purpose, (2) is overly broad, unduly burdensome, and violates rights afforded by the Fourth Amendment, and (3) the Illinois accountant's privilege applies to the records sought.

services for the WaFed Clients on the basis that he "has a claim or defense that shares with the main action a common question of law or fact." *See* Fed. R. Civ. P. 24(b). Kowalski's motion should be denied. First, Kowalski cannot assert a claim against B&K for alleged wrongdoing related to audits B&K performed for the WaFed Clients because Kowalski was not in privity of contract with B&K, and thus, Kowalski does not have a claim or defense that shares with the main action a common question of law or fact. Second, the Court does not have an independent ground for jurisdiction over Kowalski's claims. Third, the records sought in the administrative subpoena are protected by the Illinois accountant privilege.

## ARGUMENT

### I. Standard of Law

Kowalski seeks permissive intervention in this action pursuant to Federal Rule of Civil Procedure 24(b) to *investigate* "whether B&K may be liable to [Kowalski]" and "whether litigation against B&K would be cost-effective." (Mtn. ¶ 11.) Federal Rule of Civil Procedure 24(b) allows for permissive intervention in certain circumstances and provides:

> (1) *In General*. On timely motion, the court may permit anyone to intervene who:
>
> ***
>
> (B) has a claim or defense that shares with the main action a common question of law or fact.

Fed. R. Civ. P. 24(b)(1)(B). Under Rule 24(b), courts may grant permissive intervention only if three conditions are met: (1) the movant shows an independent ground for jurisdiction; (2) the motion is timely, and (3) the movant's claim or defense and the main action must have a question of law and fact in common. *Coburn v. DaimlerChrysler Services North America, LLC*, 218 F.R.D. 607 (N.D. Ill. 2003).

## II. Kowalski's Motion to Intervene Should Be Denied Because He Does Not Have A Claim Or Defense That Shares With The Main Action A Common Question Of Law Or Fact

Kowalski seeks to intervene in this action – to enforce an administrative subpoena – to investigate whether B&K is liable to Kowalski and whether he should bring a cause of action against B&K. However, Kowalski cannot demonstrate the most basic requirement of permissive intervention – that he has a claim or defense that shares with the main action a common question of law or fact. Pursuant to the privity requirements outlined in Section 30.1 of the Illinois Public Accounting Act ("IPAA"), Kowalski cannot pursue an action against B&K. Thus, Kowalski's attempt to intervene and obtain B&K's confidential documents should be denied.

### A. Section 30.1 of the Illinois Public Accounting Act

Section 301.1 of the IPAA limits the circumstances in which public accountants may be liable to third parties not in privity with the accountant, stating that:

> No person, partnership, corporation, or other entity licensed or authorized to practice under this Act or any of its employees, partners, members, officers or shareholders shall be liable to persons not in privity of contract with such person, partnership, corporation, or other entity for civil damages resulting from acts, omissions, decisions or other conduct in connection with professional services performed by such person, partnership, corporation, or other entity, except for:
>
> (1) such acts, omissions, decisions or conduct that constitute fraud or intentional misrepresentations, or
>
> (2) such other acts, omissions, decisions or conduct, if such person…was aware that a primary intent of the client was for the professional services to benefit or influence the particular person bringing the actions;…

225 ILCS 450/30.1. Accordingly, an entity licensed under the Act can only be liable to a third party for non-fraud claims if the entity was aware that a primary intent of the client was for the services to benefit or influence the plaintiff ("primary intent standard"). *See Bank of America, N.A. v. Knight,* No. 11-C-0303, 2012 WL 2368458, *10 (N.D. Ill. June 20, 2012), *aff'd*, 725 F.3d

3

815 (7th Cir. 2013) (Easterbrook, J.) (dismissing negligence claim brought by third-party lender against entity where the § 30.1 requirements were not satisfied); *Endo v. Albertine*, 815 F. Supp. 1479, 1495-96 (N.D. Ill. 1993) (dismissing negligence claims against entity where there were no allegations of privity and the § 30.1 requirements were not satisfied); *Kopka v. Kamensky and Rubenstein*, 354 Ill. App. 3d 930, 938 (1st Dist. 2004) (affirming dismissal of negligence claim against entity based on § 30.1 because accountant did not owe "a duty of care to all persons who would foreseeably rely on its statements, as this is not the law in Illinois").

### B. Kowalski Was Not A Client Of B&K

Here, Kowalski seeks to intervene to obtain B&K's records to investigate whether he should bring a claim against B&K for professional liability in connection with the audits it performed for the WaFed Clients. Any claim brought by Kowalski would be based on Illinois state law. B&K is licensed to practice under the IPAA and thus, the privity requirements of Section 30.1 of the IPAA would be applicable to any claim Kowalski brought against B&K.

Kowalski was not, and is not, a client of B&K. B&K only performed services for the WaFed Clients and the documents sought in this case pertain to services performed for the WaFed Clients, not Kowalski. Kowalski was not in privity with B&K because Kowalski was never a client of B&K and never had a contract with B&K. Thus, pursuant to Section 30.1, Kowalski cannot bring a claim against B&K for its alleged wrongdoing with respect to the audits B&K performed for the WaFed Clients.

Because Kowalski cannot pursue a claim against B&K in connection with the audits B&K performed for the WaFed Clients based on his failure to meet the privity requirement under Section 30.1 of the IPAA, Kowalski certainly has no basis to claim that he has a "claim or defense that shares with the main action a common question or law or fact." Kowalski does not have a claim

at all, and has no grounds to investigate a claim he cannot bring. Accordingly, Kowalski does not satisfy the requirements of permissive intervention under Rule 24(b), and his motion to intervene should be denied.

### III. The Court Does Not Have Jurisdiction Over Kowalski's Claims

Kowalski has not and cannot show an independent ground for jurisdiction over his claims. "Federal courts do not have ancillary jurisdiction over the permissive intervenor's claims as they do with intervention as of right." *Davila v. Arlasky*, 141 F.R.D. 68, 73 (N.D. Ill. 1991). Thus, the intervenor must establish an independent basis for subject matter jurisdiction. *Id.*; *Central States, Southeast and Southwest Areas Pension Fund v. Gopher News Co.*, 542 F. Supp. 2d 823, 828 (N.D. Ill. 2008). With no basis for subject matter jurisdiction, permissive intervention must be denied. *Davila*, 141 F.R.D. at 73. Here, Kowalski's motion to intervene should be denied for that reason.

This action in which Kowalski seeks to intervene is an action to enforce an administrative subpoena to obtain the confidential and privileged records of B&K pertaining to its performance of professional services for the WaFed Clients. Kowalski has not filed an action against B&K. Thus, Kowalski has no right or basis on which to subpoena B&K, or enforce a subpoena against B&K. Further, Kowalski is an individual, not a federal agency. As such, Kowalski has not right to serve B&K with an administrative subpoena, or enforce an administrative subpoena against B&K. On that basis alone, Kowalski cannot show an independent ground for subject matter jurisdiction over his claims to join in enforcing an administrative subpoena.

Moreover, as noted above, Kowalski cannot file an action against B&K related to its performance of professional services for the WaFed Clients because he was not in privity of contract with B&K. Nevertheless, even if he could file a claim against B&K, Kowalski cannot show an independent ground for jurisdiction. First, there would be no diversity jurisdiction because

5

Kowalski is an Illinois resident and B&K is an Illinois limited liability partnership. Second, any claim that Kowalski would – but cannot – file against B&K based on its performance of professional services would be a state law claim. Thus, Kowalski would not be asserting any federal question in any claim he might attempt to bring against B&K.

Because Kowalski cannot show an independent ground for jurisdiction over his claims against B&K, he has not satisfied the conditions for permissive intervention under Rule 24(b). Accordingly, Kowalski's petition to intervene should be denied.

IV. The B&K Records Sought In The Administrative Petition Are Privileged

Kowalski moves to intervene in this action to obtain B&K's confidential and privileged records pertaining to the WaFed Clients. Those records are privileged under the Illinois accountant's privilege and Kowalski's motion to intervene to obtain those records should be denied.

A. The Illinois Accountant's Privilege

The Illinois accountant's privilege is a creation of statute and provides:

> Confidentiality of licensee's and registrant's records. A licensed or registered CPA shall not be required by any court to divulge information or evidence which has been obtained by him in his confidential capacity as a licensed or registered CPA.

225 ILCS 450/27. The Illinois Supreme Court recently confirmed in *Brunton v. Kruger*, 32 N.E.2d 567, 576 (Ill. 2015) that the **accountant** is the holder of the privilege (rather than the client).

Based on the statutory language, the operative inquiry to determine whether the privilege covers a given document or communication is whether the information or evidence "has been obtained by [the accountant] in his confidential capacity" as a licensed or registered CPA. 225 ILCS 450/27. This description does not put any limitation on the scope of what type of materials are covered by the privilege, whether they be workpapers, communications, or other materials.

The Illinois Supreme Court has made it abundantly clear that it will uphold the protection of accountants that the Illinois legislature, through the privilege statute, provides. *Brunton*, 2015 IL 117663 (2015).

In contrast to other privileges, the accountant's privilege exists for the protection of the accountant, rather than the client. In *Brunton*, the court unequivocally concluded that the accountant holds the privilege. Specifically, the court held that "the privilege created by Section 27 of the Public Accounting Act is held by the accountant and may be asserted or waived by him." *Brunton*, 32 N.E.2d at 576. Thus, only the accountant can assert the privilege and only the accountant can waive the privilege.

Further, the Illinois Supreme Court has clarified that the accountant's privilege is not simply an evidentiary rule and was not intended to function purely as an evidentiary rule. The *Brunton* court found:

> "The public accounting act is not part of the legislatively created body of evidentiary privileges[.] Rather, it is expressly tied to the legislative scheme enacted to regulate the practice of public accounting in the state. This context suggests that the accountant privilege was not intended to function purely as an evidentiary rule, but also as an attribute of the accounting profession." 2015 IL 117663, ¶ 36.

32 N.E. 2d at 574. The *Brunton* court further noted:

> [The legislature's] acknowledgement that the text of the Act was proposed by a professional accounting organization, combined with a virtually unanimous vote, indicates that the legislature intended to defer to the profession's own formulation of the policies and standards that should govern it. The impetus behind the adoption of this bill and the amendments therein came from the accounting profession, not a legislative concern about evidentiary rules of civil procedure or client privilege.

32 N.E. 2d at 575.

## B. The Records Sought In The Administrative Subpoena Are Privileged

B&K is asserting the accountant's privilege over all of its records related to services for the WaFed Clients. B&K obtained and maintained its records related to the WaFed Clients in its confidential capacity as licensed accountants. That is all that is required to assert the privilege.

It is the accountant's confidence that is protected by the accountant's privilege, not the client's. To that end the privilege allows accountants to keep their confidential audit programs and other proprietary information confidential. Indeed, because the accountant is the holder of the privilege, only B&K can assert the privilege and only B&K can waive the privilege. Moreover, the accountant's privilege differs from other privileges in that it is not intended to function purely as an evidentiary rule. Rather, it is a legislative enactment designed to regulate the profession of accounting.

Because the information sought in the administrative subpoena was obtained and maintained in B&K's confidential capacity as licensed accountants, the requested information is privileged. B&K is asserting the privilege and has not otherwise waived the privilege. Accordingly, Kowalski has no right to the materials sought in the administrative subpoena, nor any right to enforce the administrative subpoena, and his motion to intervene in this action to obtain B&K's privileged materials should be denied.

Moreover, although the FDIC-R is arguing in its petition to enforce the administrative subpoena that the Illinois accountant's privilege does not apply to federal investigations, the FDIC-R admitted that it was attempting to obtain the records to investigate potential professional liability claims against B&K. Kowalski admitted the same in his motion to intervene and stated that he needs access to the B&K records to investigate whether he should bring a claim against B&K for its work related to the audits it performed for the WaFed Clients.

Kowalski's (and the FDIC-R's) admission confirms that any claim that Kowalski might attempt to bring against B&K would necessarily be a state law claim for professional liability. Thus, only state laws would be at issue and state law privileges would apply. *See In re American Reserve Corp.*, Nos. 87 C 3086, 86 C 833, 1990 WL 208679 (N.D. Ill. Dec. 6, 1990). Accordingly, Kowalski should not be able to obtain B&K's confidential and privileged records by intervening in this action that he would not be able to obtain if he attempted to bring a claim against B&K. As such, Kowalski's motion to intervene should be denied.

## **CONCLUSION**

For the foregoing reasons, Bansley & Kiener LLP respectfully requests that this Court deny Robert M. Kowalski's Motion to Intervene in this action, and grant such other and further relief as this Court deems just and proper.

Respectfully submitted,

FALKENBERG IVES LLP

By: /s/ Thomas F. Falkenberg
    Attorney for Bansley & Kiener LLP

Thomas F. Falkenberg
Falkenberg Ives LLP
30 N. LaSalle St., Suite 4020
Chicago, IL 60602
312-566-4800
tff@falkenbergives.com

# CERTIFICATE OF SERVICE

      I hereby certify that I served a copy of the foregoing document on all parties entitled to service by electronically filing the same in accordance with the Court's electronic filing requirements and via United States Mail by depositing a copy of the same in the U.S. Postal Service Depository located at 30 N LaSalle Street, Chicago, Illinois with proper postage prepaid postage to the following individuals prior to 5:00 p.m. on September 25, 2018.

      Robert M. Kowalski
      1918 West Cermak Road
      Chicago, Illinois 60608

              /s/ *Thomas F. Falkenberg*
                Thomas F. Falkenberg

Thomas F. Falkenberg
Falkenberg Ives LLP
30 N. LaSalle Street, Suite 4020
Chicago, Illinois 60602
tff@falkenbergives.com
(312) 566-4801